```
                  IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA       )
                               )
                               )
            v.                 )    Criminal No. 11-151
                               )
MICHAEL VINCENT TALBERT,       )
            Defendant.         )

<u>MEMORANDUM</u>

Gary L. Lancaster,                              October 27, 2011
Chief Judge.

This matter is before the court on defendant Michael Vincent Talbert's Motion for Judicial Review of Detention Order, [Doc. No. 36]. Defendant argues that United States Magistrate Judge Maureen P. Kelly ordered him detained prior to trial based on evidence that was speculative or otherwise deficient. Defendant now offers additional evidence in the form of letters supporting his release from family members and members of his community.

At the initial detention hearing, and on its reconsideration, the government asserted that a grand jury indicted defendant on five counts of distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 841(b)(1)(B)(iii). The government contends, therefore, that pursuant to 18 U.S.C. § 3142(e), a presumption exists "that no condition or combination of

conditions will reasonably assure the appearance of the person as required and the safety of the community." Id. The government argues that it is defendant's burden to rebut that presumption, and that he failed to do so in the case, thus justifying pretrial detention. The government also argued that pretrial detention is supported by clear and convincing evidence showing that defendant is a danger to the community.

For the reasons set forth below, the court concludes that pretrial detention is appropriate, and will deny defendant's motion.

I. STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3145(b), this court has jurisdiction to review a United States Magistrate Judge's detention order. The standard of review is de novo. United States v. Delker, 757 F.2d 1390, 1394-95 (3d Cir. 1985). This court must make an independent determination, but may rely on the evidence introduced at a prior hearing. Id. at 1395.

II. FINDINGS OF FACT

This court's review of the pleadings, evidence, and transcript of the detention hearing demonstrates that no additional evidence is necessary. Delker, at 1395 n. 3. The transcript in this matter is hereby incorporated by reference. Based upon review of the pleadings, evidence, and transcript of

2

the detention hearing, the court makes the following findings of fact:

On June 28, 2011, a grand jury returned a five count indictment against defendant Michael Vincent Talbert charging him with one count of distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) and four counts of distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). On July 6, 2011, defendant pleaded not guilty. On the same day, Judge Kelly held an evidentiary hearing regarding the government's request that defendant be detained pretrial. At the conclusion of the hearing, Judge Kelly ordered that defendant be detained. On October 6, 2011, defendant filed this Motion for Judicial Review of Detention Order, [Doc. No. 36].

The charges contained in the indictment stem from allegations that defendant was the supplier of crack cocaine, worth thousands of dollars, for controlled purchases on five occasions. These controlled purchases took place in Mercer County, Pennsylvania, on July 26, 2007, November 20, 2007, December 13, 2007, October 22, 2008, and December 22, 2008. Specifically, defendant is accused of providing crack cocaine to various intermediaries who then sold that crack cocaine to confidential informants.

At the evidentiary hearing held before Judge Kelly, Special Agent Thomas Carter of the Federal Bureau of Investigation ("FBI") testified that he was involved in the investigation and related surveillance of the controlled purchases. Special Agent Carter testified that he was present for some, but not all, of the controlled buys involving defendant. The court finds that Special Agent Carter's testimony regarding defendant's role in these controlled purchases is credible.

On July 1, 2011, defendant was arrested in connection with these charges. He was detained at the Allegheny County Jail. The Allegheny County Jail records inmate telephone calls, and informs inmates that their calls are recorded. Between the date of his incarceration and the detention hearing five days later, defendant was recorded discussing with his girlfriend, Misty Chambers, the details of upcoming drug deals.

At the detention hearing, defendant presented evidence of his family and community ties. Along with his Motion for Judicial Review of Detention Order, defendant submitted eight letters from family members and others in his community, testifying to defendant's good character. [Doc. No. 36-2.] The government agrees that defendant is not a flight risk, and has not argued for pretrial detention on that basis.

III.     DISCUSSION

The Bail Reform Act, 18 U.S.C. § 3142, sets forth four factors that the court must consider in determining whether pretrial detention is warranted:  1)  the nature and seriousness of the offense charged; 2) the weight of the evidence against the person; 3) the history and characteristics of the person, including, among other things, his character, employment, family ties, community ties, length of residence in the community, and criminal history; and 4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  See United States v. Traitz, 807 F.2d 322, 324 (3d Cir. 1986); see also 18 U.S.C. § 3142(g).  As a general rule, the government must prove that defendant is a danger to the community by clear and convincing evidence. 18 U.S.C. § 3142(f).

A.   Rebuttable presumption favoring detention

The Bail Reform Act further provides that there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure . . . the safety of the community" where there is "probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act[.]"  18 U.S.C. § 3142(e)(3)(A).  In order to rebut the presumption, defendant must present "some

5

credible evidence that he will appear and will not pose a threat to the community." United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986).

Here, upon review of the transcript of the evidentiary hearing before Judge Kelly, and review of defendant's submission to this court, this court finds that defendant has presented sufficient evidence to rebut the presumption that he is a threat to the community. While the court agrees with Judge Kelly's conclusion that the presumption was not rebutted by evidence presented at the detention hearing, the court finds that the letters written on defendant's behalf demonstrate that defendant did play a positive role in his community and with his family, for example, taking an active role in raising his stepchildren and coaching youth sports. This testimony goes beyond merely showing community ties, and constitutes credible evidence that defendant does not pose a threat to the community. Accordingly, defendant has rebutted the presumption that pretrial detention is required to ensure the community's safety.

B. Clear and convincing evidence supporting detention

Where, as here, the presumption is rebutted, the facts supporting pretrial detention must "be supported by clear and convincing evidence." 18 U.S.C. § 3142(f). Applying the four 3142(g) factors set forth above, the court finds that, although defendant presented evidence rebutting the presumption of

detention, the government has proven by clear and convincing evidence that defendant is a danger to the community.

First, the grand jury indictment demonstrates clearly and convincingly that defendant is charged with serious crimes involving multiple sales of large amounts of cocaine worth thousands of dollars.

Second, the government has proven, through the testimony of Agent Carter regarding its investigation of defendant, that there is probable cause to believe defendant committed the crimes with which he is charged.

Third, the evidence regarding the history and characteristics of defendant weighs in favor of release. The government introduced circumstantial evidence at the detention hearing that defendant was the subject of violent home invasions involving rival drug traffickers and that defendant threw a cement block through the window of a police officer's residence in retaliation for a traffic stop. The record indicates that no charges were filed against defendant in connection with these incidents. The court finds that this evidence does not clearly demonstrate defendant's dangerousness to the community. The evidence regarding defendant's vehicles, misdemeanor drug convictions in 2004 and 2005, and his dealings with other targets of federal investigations is also unconvincing. Defendant's evidence of recent community and family involvement

7

demonstrated by the letters of support submitted on his behalf outweighs the government's contrary history and character evidence.

Fourth, the defendant would pose serious danger to the community if released. Physical violence is not the only type of danger to the community this court must consider. See United States v. Gibson, 481 F. Supp. 2d 419, 423 (W.D.Pa. 2007). The government presented evidence of recorded telephone conversations between defendant and his girlfriend, indicating, per Agent Carter's interpretation of their coded language, that defendant intended to resume drug trafficking upon his then-expected release. These recorded conversations took place while defendant was detained at the Allegheny County Jail because of his arrest in connection with the federal charges at issue in this case. This conversation constitutes clear and convincing evidence that defendant would be a danger to the community if released pending trial because he is likely to traffic in illicit drugs. See United States v. Perry, 788 F.2d 100 (3d Cir. 1986) ("[T]he dangerousness determination involves a prediction of the detainee's likely future behavior.")

Having considered each of the four 3142(g) factors, and the evidence presented on each factor, the court concludes that only the third factor weighs in favor of defendant, and the remaining factors weigh heavily in favor of pretrial detention.

The government has proven by clear and convincing evidence that defendant is a danger to the community, and no condition or combination of conditions would reasonably ensure the community's safety if defendant were released pending trial.

IV. CONCLUSION

For the foregoing reasons, defendant's Motion for Judicial Review of Detention Order will be denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Criminal No. 11-151 |
| | ) | |
| MICHAEL VINCENT TALBERT, | ) | |
| Defendant. | ) | |

ORDER

AND NOW, this 27 day of October, 2011, IT IS HEREBY ORDERED that defendant's Motion for Revocation of Detention Order [Doc. No. 36], is hereby DENIED.

IT IS FURTHER ORDERED THAT defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

IT IS FURTHER ORDERED THAT defendant be afforded a reasonable opportunity to consult privately with defense counsel; IT IS FURTHER ORDERED THAT on order of a court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility must deliver

the defendant to the United States Marshal for a court appearance.

BY THE COURT:

_____, C.J.